# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LIAL RICE,                              Case No. 1:14-cv-732
      Petitioner,


                             Dlott, J.
   vs                                   Litkovitz, M.J.


WARDEN, PICKAWAY                        **REPORT AND**
CORRECTIONAL INSTITUTION,               **RECOMMENDATION**
      Respondent.


      Petitioner, who was a prisoner at the Pickaway Correctional Institution in Orient, Ohio

when the instant action commenced on September 15, 2014, initiated the proceeding by filing an

incomplete *in forma pauperis* application in connection with a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  On September 23, 2014, the undersigned issued

a Deficiency Order requiring the petitioner to either pay the $5.00 filing fee or submit "a

completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of

Fees form, including the 'Certificate' page (page 8 of the application and affidavit to proceed

without prepayment of fees that is used in this Court, completed and signed by the institutional

cashier) showing the balance of his prisoner account, as well as an attached certified copy of his

prison trust fund account statement showing at least the past six months' transactions," within

thirty (30) days.  (Doc. 2).  In that order, petitioner was expressly advised that his "failure to

comply with this Order will result in the dismissal of this action for want of prosecution."  (*Id.*, p.

2).

      It appears from the Court's docket records that on September 26, 2014, Pickaway

Correctional Institution received the copy of the Deficiency Order sent by certified mail to petitioner. (*See* Doc. 3). However, the mail was returned to the Court as undeliverable because the petitioner had been released from prison on September 24, 2014. (*See* Doc. 5). An account clerk at Pickaway Correctional Institution confirmed in a letter dated September 29, 2014 to the Clerk of Court that the Deficiency Order was received by the Cashier's Office on September 26, 2014, but that petitioner had been released from prison before that date, on September 24, 2014. (Doc. 4). To date, petitioner has yet to inform the Court of his change in address.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to inform the Court of a change in address or to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: _10/28/14_

Karen L. Litkovitz
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LIAL RICE,
  Petitioner,

  vs

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
  Respondent.

Case No. 1:14-cv-445

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lial Rice A698-201
Pickaway Corr. Inst.
Po Box 209
Orient, OH 43146

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X          ☑ Agent
           ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)     7011 3500 0001 5345 6168

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540