UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIAL RICE,
    Petitioner,

vs.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,[1]
    Respondent.

Case No. 1:14-cv-732

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 15). It appears from the face of the petition that petitioner is challenging his 2014 conviction and one-year prison sentence imposed by the Butler County, Ohio, Court of Common Pleas in Case No. CR2013-09-1450. (*Id.*, at PAGEID#: 94; *see also* Doc. 27, at PAGEID#: 265). Petitioner has also filed numerous other pleadings, "objections" and notices, which are difficult to decipher and, for the most part, incomprehensible. (*See* Docs. 17, 18, 20, 24, 28, 29, 31, 32). Respondent has submitted the state court record and a return of writ responding to the petition. (Docs. 26-27). Respondent has also responded to some of petitioner's additional submissions. (Docs. 21, 25, 30). It appears from the record that this

---

[1] Petitioner properly named the Warden of Pickaway Correctional Institution (PCI) when he commenced this action because petitioner was incarcerated at PCI at that time. It appears from the record that PCI's Warden is no longer the proper party respondent because since the filing of the petition, petitioner was released from prison and is now residing in Greenville, Ohio. (*See* Docs. 9, 19). It is unclear from the present record whether petitioner was released from state custody, which would require the Ohio Attorney General to be named as respondent in place of PCI's Warden, or whether petitioner remains under the supervision of the Ohio Adult Parole Authority (OAPA), which would require the OAPA to be named as respondent in place of PCI's Warden. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (Advisory Committee Notes for Subdivision (b)). Therefore, at this juncture of the proceeding, the caption of the case will remain the same.

matter is now ripe for final disposition of petitioner's claims challenging his conviction and sentence in Butler County Common Pleas Court Case No. CR2013-09-1450.[2]

## I. PROCEDURAL BACKGROUND

### State Trial Proceeding

In September 2013, the Butler County grand jury returned the indictment in Case No. CR2013-09-1450. (Doc. 26, Ex. 3). The indictment charged petitioner with two third-degree felony counts of tampering with records in violation of Ohio Rev. Code §§ 2913.42(A)(2), (B)(4). (*Id.*). The prosecuting attorney filed a "Bill of Particulars," which provided the following summary of the facts giving rise to the two charges:

> On November 22, 2010 the Defendant was given a Butler County Child Enforcement Agency Receipt Number 010568 (a government record) for the agency's receipt of the Defendant's 'new employer' information. On May 21, 2013 the Defendant took the original receipt No. 010568 that was altered to read a different year and to indicate that the receipt was issued showing a payment of $2,000,000.00 to the Child Support Enforcement Agency and Defendant filed the tampered government record as altered with his Objection to Magistrate Order in the Butler County Juvenile Court on May 21, 2013.
>
> On January 31, 2012 the Defendant was given a Butler County Child Enforcement Agency Receipt Number 790396 (a government record) for papers provided in relation to his case. On May 21, 2013 the Defendant took the original receipt No. 790396 that was altered to read as showing a $25 million dollar payment to the Butler County Child Support Enforcement Agency [and] filed the tampered government record as altered with his Objection to Magistrate Order in the Butler County Juvenile Court on May 21, 2013.

(*Id.*, Ex. 2, at PAGEID#: 226).

---

[2] This Court's review is limited to the criminal case that petitioner has referred to in his habeas petition. To the extent that in some of his other submissions petitioner may also be challenging his detention, conviction or sentence in other criminal cases before various Ohio courts (*see, e.g.,* Docs. 31, 32), he is required to file separate petitions "covering the judgment or judgments" of each state court being challenged in the appropriate federal district court with corresponding venue jurisdiction over that state court. *See* Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see also Jackson v. Sloane*, No. 1:13cv1326, 2014 WL 4472623, at *3 (N.D. Ohio Sept. 10, 2014) (adopting Report and Recommendation to dismiss without prejudice grounds for relief that challenged convictions other than the conviction being reviewed by the habeas court), *appeal filed*, No. 14-3955 (6th Cir. Sept. 26, 2014).

2

In January 2014, petitioner entered a guilty plea to a reduced fourth-degree felony charge in Count 1 of attempted tampering with records. (*See id.*, Ex. 5; see also Doc. 27, at PAGEID#: 266). The written plea agreement that was executed by the parties and filed with the trial court on January 8, 2014 included the following additional terms of agreement: "Merge Count 2. State will not pursue any charges related to Defendant's incarceration [that] occurred prior to the date of this plea." (Doc. 26, Ex. 5, at PAGEID#: 232). The agreement further provided that petitioner faced a maximum 18-month prison sentence and an "optional" 3-year term of post-release control for the attempted tampering with records offense. (*Id.*, at PAGEID#: 231).

At the plea hearing held on January 7, 2014, the prosecuting attorney, defense counsel and petitioner clarified and confirmed their understanding of the terms of the parties' plea agreement as follows:

> [T]he Defendant has agreed to an attempted tampering with a government record under Count I and the State has agreed to merge Count II.
>
> In addition, the agreement includes the fact that the State has received documentations from the Butler County Sheriff's Department of an alleged forgery Mr. Rice committed on a form indicating that he was to be released on an OR bond. The State has agreed not to pursue charges related to that specific incident while in custody.

(*Id.*, Plea Hearing Tr. 2, at PAGEID#: 241). The trial court then proceeded to conduct an in-depth colloquy with petitioner, which included the granting of additional time to petitioner to privately consult with his counsel, to ensure that petitioner was entering his guilty plea knowingly, intelligently and voluntarily. (*See id.*, Plea Hearing Tr. 2-14, at PAGEID#: 241-53). Following that colloquy, the trial court accepted petitioner's guilty plea, convicted petitioner of the reduced charge in Count 1 of attempted tampering with records, and scheduled a sentencing hearing for February 12, 2014. (*Id.*, Ex. 5, at PAGEID#: 232; Plea Hearing Tr. 14, at PAGEID#: 253-54).

The sentencing hearing was held as scheduled on February 12, 2014. Thereafter, on February 14, 2014, the trial court issued a "Judgment Of Conviction Entry" sentencing petitioner to a 12-month prison term with credit for 116 days of time served and notifying petitioner that he was subject to an "optional" term of post-release control "up to a maximum of three (3) years." (*Id.*, Ex. 1).

### State Post-Conviction Proceedings

Respondent states in the return of writ that petitioner did not pursue an appeal from his conviction or sentence in the state courts. (Doc. 27, at PAGEID#: 267). On April 30, 2014, petitioner filed a *pro se* motion for judicial release with the trial court in Case No. CR2013-09-1450 and another Butler County case cited as "CR201394450."[3] (Doc. 26, Ex. 6). The motion was denied without opinion on May 2, 2014. (*Id.*, Ex. 7). Respondent states in the return of writ that petitioner did not pursue an appeal from that decision in the state courts. (Doc. 27, at PAGEID#: 268).

### Federal Habeas Corpus Petition

Petitioner commenced the instant habeas action in September 2014. (*See* Doc. 1). In his signed petition filed in compliance with orders issued September 23, 2014 and December 9, 2014 (*see* Docs. 2, 11), petitioner alleges the following grounds for relief, which are quoted verbatim from the petition:[4]

> **Ground One:** [C]ha[n]ged my social security number Chief Melesa Adam Head Leagel Julia Kewpher of BOSCO-BORM with out the court permission or [L]ial

---

[3] Upon review of the Butler County Clerk of Courts' on-line docket record of criminal cases brought against petitioner, the undersigned discovered that three cases in addition to Case No. CR2013-09-1450 had been filed—*i.e.*, Case Nos. CR1998-03-0373, CR2009-07-1199, and CR2015-05-0796. However, the search did not reveal any case numbered "CR201394450." The undersigned assumes that case may have involved the charge of forgery that the State agreed to forego as part of the plea agreement in Case No. CR2013-09-1450.

[4] Petitioner's grounds for relief are extremely difficult to decipher if not outright impossible to understand. To the extent that it appears petitioner may have provided the phone numbers and addresses of various individuals in some of his grounds for relief, those references have been omitted from the portion of the petition quoted below.

> W. Rice Child Austion Lee Brown Li[a]l W. Rice Is Paying on Have payment History Attorney City of Hamilton Gernld Pater Pater Helervson . . . Mark [C]onsea . . . [C]hief [P]ower . . . sister [C]heryle [L]ist . . . Becky [C]onrad . . . Joe [C]onrad.
>
> **Ground Two:** Paper work. Attorneys can su[bpoen]a for witness Jerry Pater. . . Chief Andrew Powers. . . . Self-explain it self both cases. Do.
>
> **Ground Three:** Lock up in prison.
>
> **Ground Four:** Paper work. Wrongful Incarceration. BOSCO changed my social security no. False Imprisonment. Child Austin Lee Brown does not exist. Rack[e]teering. Fed[er]al.

(Doc. 15, at PAGEID#: 98, 99, 101, 102).

In the return of writ filed in response to the petition, respondent contends that the petition is subject to dismissal for a number of reasons, including petitioner's failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; lack of subject matter jurisdiction over claims pertaining to prison conditions; petitioner's procedural default and waiver of his claims for relief; and petitioner's lack of entitlement to relief in light of his guilty plea that was knowingly, intelligently and voluntarily entered. (*See* Doc. 27).

## II. THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PETITIONER HAS NOT STATED A COGNIZABLE GROUND FOR HABEAS RELIEF

In his petition, petitioner has presented claims that are largely, if not completely, unintelligible and incomprehensible. As a threshold matter, as respondent has argued in the return of writ, the petition is subject to dismissal because petitioner has not stated a claim for relief that satisfies the pleading requirements for habeas petitions set forth in Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Habeas Rule 2(c) provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also Flood v. Phillips*, 90 F.

5

App'x 108, 113 (6th Cir. 2004). The rule is even "more demanding" than Fed. R. Civ. P. 8(a), which requires in "ordinary civil proceedings" that the complaint "provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in part) ("the habeas petition, unlike a complaint, must allege the factual underpinnings of the petitioner's claims"). "'Notice' pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error." *Johnson v. Sheldon*, No. 3:14cv1675, 2015 WL 3650695, at *2 (N.D. Ohio June 11, 2015) (citing *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)); *see also* Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (citing *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

Dismissal under Habeas Rule 2(c) is appropriate in cases such as this where the petition and accompanying documents, as well as petitioner's additional pleadings and notices, contain "so many unintelligible and conclusory allegations and statements" that it is impossible for the Court to determine "the exact errors of fact or law" that have been raised for adjudication or even whether petitioner's stated grounds for relief pertain to anything that occurred in the challenged Butler County criminal case (Case No. CR2013-09-1450). *Tinsley v. Beasley*, No. 5:11cv13289, 2011 WL 3497306, at *2 (E.D. Mich. Aug. 10, 2011). *Cf. Bakalov v. Utah*, 4 F. App'x 654, 657 (10th Cir. 2001) (affirming dismissal of "clearly deficient" *pro se* habeas petition which, despite its volume, failed "to provide the information necessary to inform the district court whether relief [was] available, or to allow the respondent to file a meaningful and responsive pleading," and which contained "so many unintelligible and conclusory allegations and statements" that it was

6

"impossible to ascertain the exact errors of fact or law raised for the court's disposition"); *see also Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2nd Cir. 2006) (affirming dismissal under Habeas Rule 2(c) of an amended petition "found to be unintelligible"); *Edwards v. Johns,* 450 F.Supp.2d 755, 756 (E.D. Mich. 2006) (dismissing habeas petition where "much, if not all, of the . . . petition [was] illegible and unintelligible"); *Dunlap v. Superior Court of San Bernardino*, No. 1:15cv837, 2015 WL 3542827, at *1 (D.D.C. June 5, 2015) (dismissing habeas petition "comprised of incoherent statements" that came "nowhere near satisfying the . . . pleading standard" set forth in Habeas Rule 2(c)); *Smith v. Suzuki*, No. CV 15-2360, 2015 WL 1756839, at *2-3 (C.D. Cal. Apr. 15, 2015) (dismissing for lack of jurisdiction a habeas petition that was "unintelligible and vague and [did] not contain any allegation that petitioner [was] in state custody pursuant to an adjudication that was contrary to, or involved an unreasonable application of, clearly established federal law or [was] in custody in violation of the laws of the Constitution or laws or treaties of the United States"); *Creech v. Taylor*, Civ. Act. No. 13-165, 2013 WL 6044359, at *3 (E.D. Ky. Nov. 14, 2013) (dismissing habeas petition containing only "[c]onclusory allegations with no accompanying evidentiary support"); *Edwards v. Oklahoma*, No. CIV-08-995, 2009 WL 73873, at *1 & n.8 (W.D. Okla. Jan. 8, 2009) (dismissing habeas petition naming the wrong respondent because the petition, which consisted of "an unintelligible collection of papers referring to unrelated subjects," was subject to "dismissal even if the proper respondent had been named"), *appeal dismissed*, 327 F. App'x 75 (10th Cir. 2009).

In any event, to the extent that the petitioner may be asserting claims not related to his underlying conviction and sentence in Butler County Case No. CR2013-09-1450, but rather to conditions of his confinement, misconduct by prison staff, and/or errors made by prison officials regarding his social security number while he was incarcerated at Pickaway Correctional

Institution, this Court lacks subject matter jurisdiction to consider those claims in this federal habeas action. *See, e.g., Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004); *see also Erwin v. Edwards,* 22 F. App'x 579, 579-80 (6th Cir. 2001) (concluding that the district court "did not err in dismissing the § 2254 petition for lack of subject matter jurisdiction rather than construing the filing as a § 1983 suit," because "[l]iberal construction" of the *pro se* pleading did not require the district court "to conjure allegations on a litigant's behalf," and "a pleading must provide notice to the opposing party of the relief sought"); *Edwards v. Haws,* No. CV 08-07565, 2008 WL 5082722, at *2-3 (C.D. Cal. Nov. 26, 2008) (refusing to construe a habeas petition as a civil rights complaint given that § 1983 prisoner civil rights actions "are subject to different requirements than federal habeas proceedings under § 2254").

Finally, to the extent that petitioner has indicated in the petition that he is challenging his conviction in Butler County Case No. CR2013-09-1450, by entering a guilty plea to the reduced charge of attempted tampering with records, which carried a maximum sentence of 18 months, he has waived any claim "relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" and "may only attack the voluntary and intelligent character of the guilty plea." *United States v. Abdulmutallab,* 739 F.3d 891, 904 (6th Cir.) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)), *cert. denied,* 135 S.Ct. 89 (2014).[5] Petitioner's four

---

[5] It also appears that petitioner may have waived any claim challenging his conviction in Butler County Case No. CR2013-09-1450 because he neither pursued a direct appeal nor attempted to appeal the denial of his motion for judicial release in the state courts. Generally, if the petitioner fails to fairly present his constitutional claims through the requisite levels of appellate review to the state's highest court, and there is no longer an available avenue of relief in the state courts, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 847-48 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). Although a delayed appeal under Ohio R. App. P. 5 would normally be considered an available state-court remedy that petitioner could pursue, which raises an exhaustion rather than a procedural default issue, such a remedy may no longer be available to petitioner in light of his release from prison and possible completion of the sentence imposed in Case No. CR2013-09-1450. The undersigned need not address the procedural default issue, however, because the petition is subject to dismissal on alternative grounds.

grounds for relief do not contain allegations even remotely suggesting that petitioner is challenging the validity of his guilty plea. In any event, it is clear upon review of the transcript of the plea hearing that petitioner entered his guilty plea voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences as required by *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), and *Brady v. United States*, 397 U.S. 742, 748 (1970). (*See* Doc. 26, Plea Hearing Tr. 2-14, at PAGEID#: 241-53). "A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a 'heavy burden' for a petitioner seeking to overturn his plea." *Spikes v. Mackie*, 541 F. App'x 637, 645 (6th Cir. 2013) (citing *Garcia v. Johnson*, 991 F.2d 324, 326-28 (6th Cir. 1993)); *see also Carethers v. Wolfenbarger*, 407 F. App'x 14, 17 (6th Cir. 2011). Here, petitioner has not alleged any facts or presented any evidence that would raise concerns about his statements on the record at the plea hearing affirming his understanding of the terms of the plea agreement and the consequences of entering the plea, including the rights he was giving up by pleading guilty; his satisfaction with his counsel's advice; and the lack of any coercion or unfulfilled promises by others to induce him to enter the guilty plea. Therefore, petitioner has not demonstrated he is entitled to habeas corpus relief to the extent that he is challenging his conviction and 12-month prison sentence upon the trial court's acceptance of his guilty plea in Case No. CR2013-09-1450.

### IT IS THEREFORE RECOMMENDED THAT:

1. The petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 15) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*,

529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). *Cf. Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2nd Cir. 2006) (declining to issue a certificate of appealability in an analogous case).

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 9/9/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIAL RICE,
    Petitioner

vs

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent

Case No. 1:14-cv-732

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc